UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LODI SWEEPING COMPANY, INC., et al.<br><br>Defendants. | Case No. 20-cv-01500-JCS<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR SUBSTITUTE SERVICE**<br><br>Re: Dkt. No. 24 |

Plaintiffs filed an ex parte application to permit service on the California Secretary of State under Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure and section 1702(a) of the California Corporations Code in lieu of serving the registered agent of Defendant Lodi Sweeping Company, Inc.

Section 1702(a) provides that such service is permissible where "it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure." Cal. Corp. Code § 1702(a).

Sections 415.10 and 415.20(a) provide for personal service on the agent or on a person apparently in charge at the agent's address. Plaintiffs filed a declaration of counsel Michele Stafford attaching an affidavit of process server Krystal Hurst stating that the address for Lodi Sweeping's registered agent Peter John Holtz (a certified public accountant) was an empty building in a newly constructed complex, and that a law enforcement officer in the vicinity was

not aware of Holtz's business.  Stafford Decl. (dkt. 25) ¶ 3 & Ex. B.  Holtz's business website and public records related to his CPA license list the same address.  *Id.* ¶ 4 & Exs. C, D.  Holtz's website also lists a telephone number,  *see id.* Ex. C, and there is no evidence that Plaintiffs called that number to determine whether Holtz is willing to accept personal service of process.  The Court is therefore not satisfied on the current record that Plaintiffs have exhausted reasonably diligent efforts to serve process on Lodi Sweeping's registered agent under sections 415.10 and 415.20(a).

Section 415.30(a) provides for service by mail, requiring the defendant to return an acknowledgment of receipt before service is effective under that statute.  There is no indication that Plaintiffs have as yet attempted that method of service.  It is possible that Holtz's mail is forwarded from the address that Plaintiffs found vacant, or that he receives mail there despite its apparent vacancy.  It is also not clear whether Plaintiffs are aware of any business mailing address at which to attempt service by mail on Lodi Sweeping.  Plaintiffs therefore have not shown that Lodi Sweeping cannot be served with reasonable diligence under section 415.30(a).

Section 416.10(a) provides for service on a registered agent.  As discussed above, the Court is not satisfied that Plaintiffs have exhausted reasonable efforts to serve Lodi Sweeping's registered agent.

Section 416.10(b) provides for service on a corporation's "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."  Cal. Civ. Proc. Code § 416.10(b).  Plaintiffs personally served Defendant Eric Wilson,[1] who appears to hold all relevant officer positions for Lodi Sweeping, but Plaintiffs did not realize at the time that Wilson could have also accepted service on behalf of Lodi Sweeping.  Stafford Decl. ¶ 5 & Exs. A, E.  Since then, Plaintiffs unsuccessfully sought to negotiate with Wilson's then-attorney (who now no longer represents him) for Wilson to accept service on behalf of Lodi Sweeping, and process

---

[1] The Clerk entered Wilson's default on September 28, 2020.  *See* dkt. 21.

2

servers unsuccessfully sought to serve Wilson with process for Lodi Sweeping at his home at different times of day on nine occasions, eventually concluding that he is evading service. *Id.* ¶¶ 6–7 & Ex. F. Plaintiffs also filed a declaration by private investigator Thien C. Phan explaining why further efforts to surveil Wilson and attempt personal service would not be practical in the rural area where Wilson lives. Phan Decl. (dkt. 26). The Court is satisfied that Plaintiffs have exhausted reasonable efforts to serve Lodi Sweeping by service on an officer under section 416.10(b).

Section 416.10(c) governs service on a bank, and section 416.20(a) governs service on a defunct corporation. There is no indication that either statute applies to Lodi Sweeping.

Because the Court is not satisfied at this time that Lodi Sweeping cannot be served by mail under section 415.30(a) or that its registered agent Holtz would not accept personal service if contacted, Plaintiffs' application for substitute service on the Secretary of State under section 1702(a) is DENIED without prejudice. If they have not already done so, Plaintiffs are instructed to attempt serving process by mail under section 415.30(a) and to attempt calling Holtz to determine if he will accept service.

If Plaintiffs cannot complete service on Lodi Sweeping despite reasonable diligence as described above, they may renew their application for substitute service under section 1702(a). Any renewed application must also state all forms of contact information for Lodi Sweeping, Wilson, and Holtz of which Plaintiffs are aware, so that the Court may consider whether, in an abundance of caution, to require additional forms of substitute service beyond service on the Secretary of State. The deadline for Plaintiffs to serve Lodi Sweeping is CONTINUED to December 4, 2020.

**IT IS SO ORDERED.**

Dated: October 20, 2020

JOSEPH C. SPERO
Chief Magistrate Judge